**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**D.T. HARGRAVES, JR. & DENMAN FARMS, LLP**                    **PLAINTIFFS**

**VS.**                    **CASE NO.: 2-09-CV-0-0128 BSM**

**DAVID H. ARRINGTON OIL AND GAS, INC.**                    **DEFENDANT**

**ORDER**

Defendant David H. Arrington Oil & Gas, Inc. ("Arrington") moves to dismiss the complaint filed by plaintiffs D.T. Hargraves and Denman Farms, LLP (Doc. No. 4). Plaintiffs have responded (Doc. Nos. 12, 18) and Arrington has replied (Doc. Nos. 15, 20). For the reasons set forth below, Arrington's motion is denied.

I. ALLEGATIONS

Plaintiffs are an Arkansas resident and an Arkansas corporation and Arrington is a Texas corporation doing business in Arkansas. Compl., ¶ 8-9. Plaintiffs allege they leased to Arrington the mineral rights for 402.39 and 1466.57 acres of land, respectively, that they each own in Phillips County, Arkansas. Compl., ¶ 2, 11, 13. They allege that Arrington gave them lease bonuses of $120,717.00 and $439.971.00, respectively, in the form of bank drafts, as consideration for the leases. Compl., ¶ 12, 14. The Oil and Gas Lease attached to the complaint states that on April 3, 2006, Denman Farms, LLP leased the mineral rights "for and in consideration of cash bonus in hand paid . . .." Oil and Gas Lease, attached at Exhibit 4 to plaintiffs' complaint ("the lease"). Hargraves submits an unsigned exemplar of the lease he claims to have signed. Oil and Gas Lease Exemplar, attached at Exhibit 1 to plaintiffs'

complaint. Plaintiffs allege that Arrington later "caused the draft[s] to be dishonored." Compl., ¶ 12, 14.

In the complaint, plaintiffs claim breach of contract and fraud and seek compensatory as well as punitive damages. Plaintiffs claim that the leases required Arrington to pay plaintiffs the lease bonuses, and that Arrington breached the contracts by not paying the bonuses. Compl., ¶ 16, 17. In the alternative, plaintiffs claim that the contractual principles of unjust enrichment and promissory estoppel demand that Arrington pay the lease bonuses. Compl., ¶ 19. They argue Arrington promised to pay the bonuses with cash in hand, and plaintiffs reasonably relied on the promises to their detriment. Compl., ¶ 19. Plaintiffs also claim that Arrington committed fraud when it asserted that it would pay the bonus with a draft and then dishonored the draft. Complaint, ¶ 20. Lastly, plaintiffs assert Arrington's conduct was intentional and willful, meriting an award of punitive damages. Compl., ¶ 21.

## II. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*. "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief

above a speculative level." *Id.* (internal citations omitted).

### III. CONCLUSION

Applying the analysis applied in *Hall v. David H. Arrington Oil*, Case No. 2:09-CV-00091-BSM (Doc. No. 42), Arrington's motion to dismiss (Doc. No. 4) is denied.

IT IS SO ORDERED THIS 2nd day of August, 2010.

                                                                        UNITED STATES DISTRICT JUDGE