**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**D.T. HARGRAVES, JR. & DENMAN FARMS, LLP**  **PLAINTIFFS**

**VS.**             **CASE NO.: 2-09-CV-0-0128 BSM**

**DAVID H. ARRINGTON OIL AND GAS, INC.**             **DEFENDANT**

## ORDER

Plaintiffs D.T. Hargraves and Denman Farms, LLP move for partial summary judgment (Doc. No. 15) on their breach of contract claim. Defendant David H. Arrington Oil objects (Doc. No. 24) and plaintiffs have replied (Doc. Nos. 28, 32). For the reasons set forth below, plaintiffs' motion for partial summary judgment is denied.

### I. FACTS

Viewing the facts in the light most favorable to Arrington, the non-moving party, the facts are as follows. Plaintiffs and Arrington executed two Oil and Gas Leases (the "Leases"), one for Hargraves and one for Denman Farms. Defendant's response to plaintiff's statement of material facts ("Deft.'s stmt. of facts"), ¶ 14. While Hargraves's lease is not in the record, Denman Farms's lease, dated April 3, 2006, is in the record. Lease attached as Exhibit 4 to Complaint. Denman Farms' lease provides, in part:

> THIS AGREEMENT is made and entered into on this 3rd day of April, 2006 (the effective date hereof) between deMan [sic] Farms, LLLC, an Arkansas Limited Liability Limited Partnership, whose address is 801 Briar Park Court, Atlanta, GA, 30306 hereinafter called Lessor (whether one or more), and David H. Arrington Oil & Gas Inc., P.O. Box 2071, Midland, Texas 79702, hereinafter called Lessee.
>
> Witnesseth: That the said Lessor, for and inconsideration of a cash bonus in

hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of Lessee to be paid, kept, and performed, has GRANTED, DEMISED, LEASED and LET, and by these presents does GRANT, DEMISE, LEASE and LET unto the said Lessee, for the sole and only purpose of exploring by geophysical and other methods, mining and operating for oil (including but not limited to distillate and condensate) gas (including casinghead gas and helium and all other constituents), and for laying pipelines and building tanks, powers, stations, and structures thereon, to produce, save, and take care of said products, all that certain tract of land, together with any reversionary rights therein, situated in the County of Phillips, State of Arkansas, and described as follows:

. . .

and containing 774 acres, more or less.  In addition to the land described above, Lessor hereby grants, leases, and lets exclusively unto Lessee, to the same extent as it specifically described herein, all lands owned or claimed by Lessor which are adjacent, contiguous to, or form a part of the lands above particularly described, including all oil, gas, and their constituents underlying lakes, rivers, streams, roads, easements, and right-of-way which traverse or adjoin any of said lands.

1.   This lease, which is a "paid-up" lease requiring no rentals, shall be in force for a primary term of <u>five (5) years</u> from the date hereof, and for as long thereafter as oil or gas or other substances covered hereby are produced in paying quantities from the lease premises or from lands pooled therewith or this lease is otherwise maintained in effect pursuant to the provisions hereof.

. . .

13.   This lease shall be effective as to each Lessor on execution hereof as to his or her interest and shall be binding on those signing, notwithstanding some of the Lessors above named may not join in the execution hereof.  The word Lessor as used in this lease means the party or parties who execute this lease as Lessor although not named above.

14.   Lessee may at any time and from time to time surrender this lease as to any part or parts of the leased premises by delivering or mailing a release thereof to Lessor, or by placing a release of record in the proper County.

. . .

Exhibit 4, Compl.

A bank draft, dated April 3, 2006, in the amount of $439,971.00 was paid to the order

of DeMan Farms, LLLC. The draft provided, in part:

> On approval of lease or mineral deed described hereon, and on approval of title to same by drawee not later than 45 banking days after arrival of this draft at Collecting bank.
> . . .
> This draft is drawn to pay for Oil and Gas Lease, dated April 1st, 2006 and covering 1466.57 acres, more or less, being a tract of land in . . . Phillips County, Arkansas.
>
> The drawer, payee and endorsers hereof, and the grantors of the lease or mineral deed described hereon, do hereby constitute and appoint the collecting bank escrow agent to hold this draft for the first time above specified subject alone to acceptance of payment hereof by drawee, within said time, and without any right of the drawer, payee or endorsers hereof, or said grantors, to recall or demand return of this draft prior to the expiration of the above specified time, and there shall be no liability whatsoever on the collecting bank for refusal to return the same prior to such expiration.
>
> In the event this draft is not paid within said time, the collecting bank shall return the same to forwarding bank and no liability for payment or otherwise shall be attached to any of the parties hereto.

Draft attached at Exhibit 5 to Compl. DeMan Farms submits no record indicating that it submitted DeMan Farms's draft for payment. Instead, George DeMan claims in an affidavit that he deposited his draft "almost immediately after" he received it, right after he signed DeMan Farms's lease on April 3, 2006. Affidavit of George DeMan attached at Exhibit 1 to Plaintiffs' motion for partial summary judgment ("Pltf.'s mot.") (Doc. No. 15), ¶ 10. He maintains the draft was returned unpaid because Arrington decided to "withdraw its activity in the county." DeMan aff., ¶ 10-11.

Another bank draft, dated July 8, 2006, in the amount of $120,717.00 was paid to the order of D.T. Hargraves and Roseanne Hargraves. The draft provided, in part:

> On approval of lease or mineral deed described hereon, and on approval of title to same by drawee not later than 90 banking days after arrival of this draft at Collecting bank, with the right to Re-Draft.
> . . .
> This draft is drawn to pay for Oil and Gas Lease, dated July 8th, 2006 and covering 402.39 acres, more or less, being a tract of land in . . . Phillips County, Arkansas.
>
> The drawer, payee and endorsers hereof, and the grantors of the lease or mineral deed described hereon, do hereby constitute and appoint the collecting bank escrow agent to hold this draft for the first time above specified subject alone to acceptance of payment hereof by drawee, within said time, and without any right of the drawer, payee or endorsers hereof, or said grantors, to recall or demand return of this draft prior to the expiration of the above specified time, and there shall be no liability whatsoever on the collecting bank for refusal to return the same prior to such expiration.
>
> In the event this draft is not paid within said time, the collecting bank shall return the same to forwarding bank and no liability for payment or otherwise shall be attached to any of the parties hereto.

Draft attached at Exhibit 2 to Compl. The record indicates Hargraves presented his draft for payment at Helena National Bank on July 11, 2006. Draft attached Exhibit 3, Compl. The collection letter from Western National Bank, the drawee bank, indicates it was received there on July 19, 2006. Collection Letter also attached at Exhibit 3, Compl. The collection letter is stamped "Unpaid" and dated November 29, 2006. *Id.* Further, the words "suspended activity" are written along the bottom of the collection letter. *Id.*

Plaintiffs filed their complaint on August 26, 2009, alleging breach of contract, fraud, and seeking compensatory as well as punitive damages. They now seek partial summary judgment on their breach of contract claim, arguing (1) a binding contract exists between the parties; (2) the language of the drafts contradicts the language of the leases, so the draft

4

language should control; (3) they warranted their title and should have had an opportunity to cure any defects; and (4) the drafts were unconditional promises to pay by Arrington. Arrington objects, arguing (1) the drafts contained at least one condition precedent of title approval; (2) because the conditions precedent failed and the potential agreement lacked mutuality, no contract was formed; and (3) the plaintiffs do not hold clear title to the mineral interests they attempted to lease to Arrington.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or

denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

### III. DISCUSSION

Summary judgment on plaintiffs' breach of contract claim is not appropriate because a fact issue remains as to whether a contract was formed between the parties. Pursuant to the analysis in *Whistle v. David H. Arrington Oil*, Case No. 2:08-CV-00037-BSM (June 1, 2009) (Doc. No. 48), the drafts placed only one condition precedent, title approval by Arrington, on the formation of each lease contract. Even though Arrington maintains additional conditions precedent existed, *Whistle* still controls, and the only issue is whether Arrington disapproved of plaintiffs' title in good faith.

Plaintiffs assert that the drafts and leases should not be treated as one instrument, as they were in *Whistle*, because the drafts were presented and executed separately from, or after, the leases. Plaintiffs argue the lease language should control, and the draft language should not be effective. Plaintiffs' argument is not compelling, however, because DeMan Farms's draft and lease are dated on the same day, April 3, 2006, just as they were in *Whistle*. The documents will be treated as one instrument, as they were in *Whistle*. The documents

placed a sole condition precedent, that of title approval by Arrington, the formation of each lease contract.

A fact issue remains as to whether this condition precedent was met, however, so there is a question of fact as to whether a contract formed between the parties. The parties disagree whether plaintiffs held good title. They also disagree about the reason Arrington dishonored the drafts. Arrington argues it disapproved title in good faith, and plaintiffs submit evidence that they did so in bad faith.

The record indicates that the drafts may have been dishonored for reasons unrelated to title. For example, the Hargraves's draft indicates it was dishonored for "suspended activity." Arrington admits that nothing in the record indicates that it communicated title problems to plaintiffs when it dishonored the drafts. Defendant's response to plaintiff's statement of facts (Doc. No. 26), ¶ 17. Arrington's landman, Sammy Russo, admits he does not recall communicating any title problems to plaintiffs. *Id*. So, a genuine issue of fact also remains as to the exact reason Arrington denied plaintiffs' drafts. Because the reason dictates whether a contract formed, and there is a dispute about whether plaintiffs held good title, summary judgment is denied.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment (Doc. No. 15) is denied.

IT IS SO ORDERED THIS 11th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE